**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BAYRON GONZALEZ GARCIA,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| **v.** | : | |
| | : | **CIVIL ACTION** |
| **JAMISON, J.L., Warden, Federal Detention Center, et al.** | : | |
| | : | **No. 26-7408** |
| | : | |
| Respondents. | : | |

**ORDER**

AND NOW, this 30th day of September, 2026, upon consideration of Petitioner Bayron A. Gonzalez Garcia's Petition for a Writ of Habeas Corpus, Respondents' Brief in Opposition, ECF No. 5, and Petitioner's Response to Respondents' Opposition, ECF No. 7, it is hereby ORDERED that:

1. The Petition for a Writ of Habeas Corpus is GRANTED.[1]

[1] Respondents contend that Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and that he must first pursue a custody-redetermination hearing before an immigration judge. ECF No. 5. Section 1226(a), however, provides discretionary—not mandatory—detention authority. And while Respondents state that "ICE engaged in a custody determination, determining the Petitioner should be detained," the record before the Court does not demonstrate that ICE made an individualized determination that detention was necessary based on Petitioner's risk of flight or danger to the community before depriving him of his liberty. Respondents instead maintain that § 1226(a) permits detention without any such individualized determination and that Petitioner may obtain individualized review later through the immigration-court bond process. *See* ECF No. 5.

The Court concludes that, under the circumstances presented here, that process is insufficient. Petitioner has lived in the United States for more than eleven years, has no criminal record, and has a three-year-old United States citizen child. ECF No. 7 at 1. Yet nothing in the present record shows that ICE considered those circumstances—or any other facts bearing on danger or flight risk—before deciding to detain him. Petitioner therefore was deprived of his liberty without a meaningful individualized determination that detention was warranted.

The availability of a later bond hearing does not cure that deprivation. Petitioner challenges the process by which the Government initially exercised its discretionary authority to detain him, not merely the ultimate discretionary judgment whether he should later be released on bond. Requiring Petitioner to complete the administrative bond process before this Court may consider that claim would not remedy the alleged absence of constitutionally adequate process at the time detention was imposed. The Court therefore declines to require exhaustion under these circumstances.

This conclusion is consistent with the distinction recognized following *Buele Morocho v. Warden Philadelphia FDC*, Nos. 26-1150 & 26-1454, 2026 WL 2546223 (3d Cir. Aug. 28, 2026): although DHS may possess statutory authority to detain a noncitizen under the applicable provision of the INA, the exercise of that authority remains subject to constitutional limits. Here, unlike a case in which the petitioner merely disagrees with the result of

2. Respondents shall RELEASE Petitioner from custody forthwith.
3. Respondents shall file a notice on the docket confirming Petitioner's release no later than 9:00 AM October 1, 2026.
4. Respondents' request to vacate the Court's September 25, 2026 Order restricting Petitioner's transfer is DENIED AS MOOT.
5. The Clerk of Court shall mark this case CLOSED.

BY THE COURT:

HON. MIA R. PEREZ

an individualized custody determination, the present record does not establish that such a determination occurred before Petitioner was detained. Because Petitioner's present detention followed no demonstrated individualized assessment of whether detention was necessary, the Court concludes that his continued detention violates the Due Process Clause of the Fifth Amendment and orders his immediate release.